FILED

2015 MAR 10 PM 4:41

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2015 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. CR 15 00113 |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1546(a): Fraud and Misuse of Visas, Permits, and Other Documents; 8 U.S.C. §§ 1324(a)(1)(A)(iv), (B)(i): Encouraging Illegal Residence for Private Financial Gain; 18 U.S.C. § 1956(a)(1)(A)(i): Laundering of Monetary Instruments; 18 U.S.C. § 2: Causing an Act to be Done; 18 U.S.C. §§ 982(a)(1), (a)(6)(A): Criminal Forfeiture] |
| HEE SUN SHIM, aka "Leonard Shim," aka "Leo Shim," HYUNG CHAN MOON, aka "Steve Moon," and EUN YOUNG CHOI, aka "Jamie Choi," | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.   Defendant HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim" ("SHIM"), owned, controlled, managed, and operated the following businesses, each of which was located within the Central District of California:

a.   Prodee University/Neo-America Language School ("Prodee/Neo"), located at: (1) 2975 Wilshire Boulevard, Suites 500,

1   510, 526, and 540, Los Angeles, California 90010; and (2) 3251 West

2   6th Street, Suites 418 and 420, Los Angeles, California 90020.

3          b.    Walter Jay M.D. Institute, an Educational Center

4   ("WJMD"), located at 501 Shatto Place, Suite 120, Los Angeles,

5   California 90020.

6          c.    American College of Forensic Studies ("ACFS"), located

7   at 2975 Wilshire Boulevard, Suite 430, Los Angeles, California 90010.

8          d.    Likie Fashion and Technology College ("Likie"),

9   previously located at 8450 East Garvey Avenue, Suite 201, Rosemead,

10  California 91770, until on or about August 29, 2014, and presently

11  located at 1000 South Fremont Avenue, Unit 46, Building A10, Suite

12  10425, Alhambra, California 91803.

13         2.    Defendants HYUNG CHAN MOON, aka "Steve Moon" ("MOON"), and

14  EUN YOUNG CHOI, aka "Jamie Choi" ("CHOI"), were employed by defendant

15  SHIM, and assisted defendant SHIM in operating and managing

16  Prodee/Neo, WJMD, ACFS, and Likie.

17         3.    Prodee/Neo, WJMD, ACFS, and Likie were schools that

18  admitted and purported to educate foreign citizens who desired to

19  pursue academic studies in the United States.

20         4.    The Department of Homeland Security ("DHS") was responsible

21  for processing requests submitted by foreign citizens seeking lawful

22  entry into and authority to remain in the United States.  DHS was

23  further responsible for collecting and maintaining accurate records

24  of non-immigrant aliens living in the United States.

25         5.    DHS ran several programs through which aliens could obtain

26  permission to enter and remain in the United States, including the F-

27  1 Student Visa Program.  Under this program, foreign students could

28  enter and remain in the United States on a temporary basis to pursue

1    academic studies.  In order to obtain the immigration benefits
2    afforded by the F-1 Student Visa Program, a foreign student had to be
3    accepted into a DHS-approved school, and the same school had to issue
4    the student a "Certificate of Eligibility for Nonimmigrant (F-1)
5    Student Status - For Academic and Language Students" (commonly
6    referred to as a "Form I-20").  By issuing a Form I-20 to a foreign
7    student, the DHS-approved school certified that the student: (1) met
8    all standards of admission for the school based on a review of the
9    student's application, transcripts, proof of financial
10   responsibility, and other records; and (2) had been accepted for, and
11   would be required to pursue, a full course of study.

12        6.   Once a foreign student received a Form I-20 from a DHS-
13   approved school, the student was eligible to receive an F-1 Visa.
14   The foreign student could then use the F-1 Visa and Form I-20 to
15   enter and remain in the United States for a period of time known as
16   "duration of status."  Federal regulations defined "duration of
17   status" as the time during which a foreign student was pursuing a
18   full course of study at a DHS-approved school.  Additionally, a
19   foreign student was considered to be maintaining valid F-1 student
20   status if he or she was making normal progress toward completing a
21   course of study.  After the foreign student completed his or her
22   course of study, the student was required to depart the United
23   States.

24        7.   Once in the United States, a foreign student was permitted
25   to transfer from one DHS-approved school to another, as long as the
26   student was maintaining valid F-1 student status and pursuing a full
27   course of study.  In order to effect such a transfer while
28   maintaining valid status, a foreign student had to first obtain a

1   Form I-20 from the DHS-approved school to which the student intended
2   to transfer.  The foreign student could then transfer to that school
3   and remain in the United States as long as he or she pursued a full
4   course of study at the new DHS-approved school.

5       8.   The Student Exchange Visitors Information System ("SEVIS")
6   was the government-run computer database that DHS-approved schools
7   were required to use to maintain up-to-date and accurate records
8   regarding the foreign students attending their schools.  To that end,
9   DHS-approved schools were required to report in SEVIS when foreign
10  students completed their studies, dropped below a full course of
11  study, failed to maintain status, or failed to complete their
12  educational programs.  The SEVIS database was the mechanism through
13  which immigration officials monitored the status of foreign students
14  who were enrolled at DHS-approved schools.

15      9.   Prodee/Neo, WJMD, ACFS, and Likie were DHS-approved schools
16  that were authorized to issue Form I-20s and admit foreign students.

17
18
19
20
21
22
23
24
25
26
27
28

COUNT ONE

[18 U.S.C. § 371]

1.    The Grand Jury realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

A.    OBJECT OF THE CONSPIRACY

2.    Beginning on a date unknown to the Grand Jury and continuing to on or about March 10, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim" ("SHIM"), HYUNG CHAN MOON, aka "Steve Moon" ("MOON"), and EUN YOUNG CHOI, aka "Jamie Choi" ("CHOI"), and others known and unknown to the Grand Jury, conspired, combined, and agreed with each other to commit the following offense against the United States:  To knowingly forge, alter, falsely make, use, possess, obtain, accept, and receive, and willfully cause to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Form I-20 for foreign students to attend Prodee/Neo, WJMD, ACFS, or Likie, knowing it to be forged, altered, and falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Sections 1546(a) and 2(b).

///

///

///

///

5

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant SHIM, with the assistance of defendants MOON and CHOI, and others known and unknown to the Grand Jury, would manage and operate four DHS-approved schools in the Los Angeles area, that is: Prodee/Neo, WJMD, ACFS, and Likie (collectively, the "Prodee/Neo Network").

2.   Defendants SHIM, MOON, and CHOI, and others known and unknown to the Grand Jury, would accept and enroll foreign students into the Prodee/Neo Network, despite knowing that the foreign students they accepted and enrolled were not bona fide students, had no intention of attending the schools within the Prodee/Neo Network, and were living outside of the State of California (where the Prodee/Neo Network of schools are located), in states such as Arizona, Hawaii, Illinois, Nevada, Texas, and Washington.

3.   Defendants SHIM, MOON, and CHOI, and others known and unknown to the Grand Jury, would inform the purported foreign students that they could enroll at one of the schools in the Prodee/Neo Network without having to attend classes.

4.   After accepting these purported foreign students for admission into the Prodee/Neo Network, defendants SHIM, MOON, and CHOI, and others known and unknown to the Grand Jury, would issue and provide to the purported foreign students Form I-20s that were forged, altered, falsely made, and procured by fraud since the purported foreign students had no intention of attending school and were not bona fide students.

1        5.    Defendant SHIM, and others known and unknown to the Grand

2   Jury, would also enter information into SEVIS indicating that the

3   purported foreign students enrolled in the Prodee/Neo Network of

4   schools: (1) had been accepted for, and would be required to pursue,

5   a full course of study; and (2) were attending classes at the

6   schools, although defendant SHIM knew that the purported foreign

7   students had no intention of attending school, and were, in fact, not

8   attending school.  In addition, defendant SHIM, and others known and

9   unknown to the Grand Jury, would not inform DHS, through SEVIS, when

10  the purported foreign students failed to: pursue a full course of

11  study; maintain their F-1 student status; and complete their

12  educational programs.

13       6.    In order to conceal from immigration officials the fact

14  that many of the purported foreign students who were enrolled in the

15  Prodee/Neo Network lived outside of the State of California and thus

16  did not attend classes at the schools in the Prodee/Neo Network,

17  defendants SHIM, MOON, and CHOI, and others known and unknown to the

18  Grand Jury, would not list the out-of-state addresses of these

19  purported foreign students on their Form I-20s, or in SEVIS, and

20  would instead provide false Los Angeles-area addresses to DHS for

21  these foreign students.  However, at the same time, defendants SHIM,

22  MOON, and CHOI, and others known and unknown to the Grand Jury, would

23  send Form I-20s and other school-related documents, via United States

24  mail and private mail delivery, to the out-of-state addresses of

25  these purported foreign students.

26       7.    In order to deceive immigration officials, defendants SHIM

27  and CHOI, and others known and unknown to the Grand Jury, would

28  create fraudulent student records, including attendance records and

7

1  transcripts, for some of the foreign students who were purportedly

2  attending schools in the Prodee/Neo Network.  Defendants SHIM and

3  CHOI, and others known and unknown to the Grand Jury, would submit

4  these fraudulent records to immigration officials, if requested,

5  and/or provide them to the purported foreign students for the purpose

6  of deceiving immigration officials.

7      8.    In order to avoid arousing the suspicions of immigration

8  officials when purported foreign students remained in the United

9  States for extended periods of time, defendant SHIM, and others known

10 and unknown to the Grand Jury, would transfer the purported foreign

11 students between schools in the Prodee/Neo Network.  By transferring

12 a purported foreign student from one school to another, defendant

13 SHIM would be able to maintain that foreign student's F-1 student

14 status for years without creating the appearance that the foreign

15 student had pursued a course of study at a single school for an

16 inordinate period of time.

17     9.    In exchange for receiving a Form I-20 and being reported in

18 SEVIS as a legitimate foreign student, purported foreign students

19 would make "tuition" payments to defendants SHIM, MOON, and CHOI, and

20 others known and unknown to the Grand Jury, which corresponded to the

21 length of time that the purported foreign students were enrolled at a

22 school in the Prodee/Neo Network.

23 C.   OVERT ACTS

24     In furtherance of the conspiracy and to accomplish its object,

25 defendants SHIM, MOON, and CHOI, together with others known and

26 unknown to the Grand Jury, committed and willfully caused others to

27 commit various overt acts in Los Angeles County, within the Central

28

District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On or about April 20, 2009, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 1, an individual living in Texas, was a registered and active student at Prodee/Neo.

Overt Act No. 2: On or about April 20, 2009, defendant SHIM issued a Form I-20 from Prodee/Neo to Foreign Student Number 1, an individual living in Texas.

Overt Act No. 3: In or around July 2009, during a meeting at Prodee/Neo, defendant SHIM advised Foreign Student Number 8 that he could help Foreign Student Number 8 obtain F-1 student status despite the fact that Foreign Student Number 8 lived in Arizona and could not attend classes at the Prodee/Neo Network in Los Angeles.

Overt Act No. 4: On or about December 3, 2009, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 2, an individual living in San Francisco, was a registered and active student at Prodee/Neo.

Overt Act No. 5: On or about August 20, 2010, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 17, an individual living in Nevada, was a registered and active student at Prodee/Neo.

Overt Act No. 6: On or about August 20, 2010, defendant SHIM issued a Form I-20 from Prodee/Neo to Foreign Student Number 17, an individual living in Nevada.

Overt Act No. 7: In or around November 2010, defendant SHIM spoke with Foreign Student Number 4, an individual living in Nevada, and advised Foreign Student Number 4 that he/she would be able to

enroll in Prodee/Neo and not attend classes, that "tuition" would be $1,200 for six months, and that Foreign Student Number 4's address in Los Angeles would be 1456 Colby Avenue, Apt. #6, for purposes of reporting information about Foreign Student Number 4 into SEVIS.

Overt Act No. 8: In or around November 2010, defendant SHIM caused to be issued and sent via United States mail Form I-20s from Prodee/Neo to Foreign Students Numbers 4 and 5, individuals living in Nevada.

Overt Act No. 9: On or about December 3, 2010, defendant SHIM caused information to be entered into SEVIS indicating that Foreign Student Number 3, an individual living in Nevada, was a registered and active student at WJMD.

Overt Act No. 10: On or about December 8, 2010, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 4, an individual living in Nevada, was a registered and active student at Prodee/Neo.

Overt Act No. 11: On or about December 8, 2010, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 5, an individual living in Nevada, was a registered and active student at Prodee/Neo.

Overt Act No. 12: On or about December 27, 2010, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 18, an individual living in Arizona, was a registered and active student at Prodee/Neo.

Overt Act No. 13: On or about December 27, 2010, defendant SHIM issued a Form I-20 from Prodee/Neo to Foreign Student Number 18, an individual living in Arizona.

Overt Act No. 14: On or about January 25, 2011, defendant SHIM caused information to be entered into SEVIS indicating that Foreign Student Number 6, an individual living in Nevada, was a registered and active student at ACFS.

Overt Act No. 15: In or around August 2011, during a meeting at Prodee/Neo, defendant SHIM told Foreign Students Numbers 7 and 11 that they should try to move to California after Foreign Students Numbers 7 and 11 advised that they lived in Arizona and could not attend classes at Prodee/Neo, but defendant SHIM did not deactivate either Foreign Student Number 7 or 11 as students in SEVIS.

Overt Act No. 16: On or about August 8, 2011, defendant SHIM issued a Form I-20 from Prodee/Neo to Foreign Student Number 7, an individual living in Arizona.

Overt Act No. 17: On or about August 9, 2011, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 7, an individual living in Arizona, was a registered and active student at Prodee/Neo.

Overt Act No. 18: On or about August 26, 2011, an unindicted co-conspirator entered information into SEVIS indicating that Foreign Student Number 8, an individual living in Arizona, was a registered and active student at Likie.

Overt Act No. 19: On or about November 16, 2011, defendant SHIM entered information into SEVIS indicating that Foreign Student Number 4, an individual living in Nevada, was a registered and active student at Prodee/Neo.

Overt Act No. 20: On or about November 16, 2011, defendant SHIM issued a Form I-20 from Prodee/Neo to Foreign Student Number 4, an individual living in Nevada.

1    Overt Act No. 21: On or about November 16, 2011, defendant SHIM

2  entered information into SEVIS indicating that Foreign Student Number

3  5, an individual living in Nevada, was a registered and active

4  student at Prodee/Neo.

5    Overt Act No. 22: On or about November 16, 2011, defendant SHIM

6  issued a Form I-20 from Prodee/Neo to Foreign Student Number 5, an

7  individual living in Nevada.

8    Overt Act No. 23: On or about December 15, 2011, defendant SHIM

9  entered information into SEVIS indicating that Foreign Student Number

10  18, an individual living in Arizona, was a registered and active

11  student at Prodee/Neo.

12    Overt Act No. 24: On or about December 15, 2011, defendant SHIM

13  issued a Form I-20 from Prodee/Neo to Foreign Student Number 18, an

14  individual living in Arizona.

15    Overt Act No. 25: On or about December 28, 2011, defendant SHIM

16  caused information to be entered into SEVIS indicating that Foreign

17  Student Number 9, an individual living in Nevada, was a registered

18  and active student at WJMD.

19    Overt Act No. 26: On or about April 3, 2012, defendant SHIM

20  caused information to be entered into SEVIS indicating that Foreign

21  Student Number 10, an individual living in Arizona, was a registered

22  and active student at ACFS.

23    Overt Act No. 27: On or about May 7, 2012, defendant SHIM

24  entered information into SEVIS indicating that Foreign Student Number

25  11, an individual living in Arizona, was a registered and active

26  student at Prodee/Neo.

27

28

1    Overt Act No. 28: On or about May 7, 2012, defendant SHIM issued

2    a Form I-20 from Prodee/Neo to Foreign Student Number 11, an

3    individual living in Arizona.

4    Overt Act No. 29: On or about June 28, 2012, defendant SHIM

5    entered information into SEVIS indicating that Foreign Student Number

6    2, an individual living in San Francisco, was a registered and active

7    student at Likie.

8    Overt Act No. 30: On or about June 28, 2012, defendant SHIM

9    issued a Form I-20 from Likie to Foreign Student Number 2, an

10    individual living in San Francisco.

11    Overt Act No. 31: On or about July 11, 2012, defendant SHIM

12    entered information into SEVIS indicating that Foreign Student Number

13    7, an individual living in Arizona, was a registered and active

14    student at Prodee/Neo.

15    Overt Act No. 32: On or about July 11, 2012, defendant SHIM

16    issued a Form I-20 from Prodee/Neo to Foreign Student Number 7, an

17    individual living in Arizona.

18    Overt Act No. 33: On or about August 2, 2012, defendant SHIM

19    entered information into SEVIS indicating that Foreign Student Number

20    14, an individual living in Texas, was a registered and active

21    student at Prodee/Neo.

22    Overt Act No. 34: On or about August 2, 2012, defendant SHIM

23    issued a Form I-20 from Prodee/Neo to Foreign Student Number 14, an

24    individual living in Texas.

25    Overt Act No. 35: On or about August 31, 2012, defendant SHIM

26    entered information into SEVIS indicating that Foreign Student Number

27    8, an individual living in Arizona, was a registered and active

28    student at Prodee/Neo.

1    Overt Act No. 36: On or about September 20, 2012, defendant SHIM
2  entered information into SEVIS indicating that Foreign Student Number
3  1, an individual living in Texas, was a registered and active student
4  at Likie.

5    Overt Act No. 37: On or about September 20, 2012, defendant SHIM
6  issued a Form I-20 from Likie to Foreign Student Number 1, an
7  individual living in Texas.

8    Overt Act No. 38: On or about November 21, 2012, defendant SHIM
9  caused to be delivered to DHS, by private mail delivery, fraudulent
10  student records, including attendance records, transcripts, and bank
11  statements, for Foreign Student Number 4, Foreign Student Number 5,
12  Foreign Student Number 11, Foreign Student Number 12, Foreign Student
13  Number 13, and Foreign Student Number 14.

14    Overt Act No. 39: On or about January 9, 2013, defendant SHIM
15  entered information into SEVIS indicating that Foreign Student Number
16  18, an individual living in Arizona, was a registered and active
17  student at Likie.

18    Overt Act No. 40: On or about January 9, 2013, defendant SHIM
19  issued a Form I-20 from Likie to Foreign Student Number 18, an
20  individual living in Arizona.

21    Overt Act No. 41: On or about January 11, 2013, defendant SHIM
22  entered information into SEVIS indicating that Foreign Student Number
23  15, an individual living in Washington, was a registered and active
24  student at Likie.

25    Overt Act No. 42: In or around January 2013, defendant CHOI
26  enrolled Foreign Student Number 16, an individual living in Nevada,
27  as a student at Prodee/Neo, accepted a $1,400 "tuition" payment from

28

1   Foreign Student Number 16, and advised Foreign Student Number 16 to

2   say that he/she was actually attending the school if asked by anyone.

3        Overt Act No. 43: On or about January 18, 2013, defendant CHOI

4   caused information to be entered into SEVIS indicating that Foreign

5   Student Number 16, an individual living in Nevada, was a registered

6   and active student at Prodee/Neo.

7        Overt Act No. 44: On or about January 21, 2013, defendant CHOI

8   caused to be mailed a Form I-20, signed by defendant SHIM, from

9   Prodee/Neo to Foreign Student Number 16, an individual living in

10  Nevada.

11       Overt Act No. 45: On or about January 24, 2013, defendant MOON

12  accepted a $1,200 "tuition" payment for Foreign Student Number 14 to

13  remain enrolled at Prodee/Neo, during a time when Foreign Student

14  Number 14 lived in Texas, which defendant MOON acknowledged would

15  mean that Foreign Student Number 14 would not be able to attend

16  classes regularly at Prodee/Neo.

17       Overt Act No. 46: On or about April 19, 2013, after being

18  alerted that Foreign Student Number 15, an individual living in

19  Washington, had been questioned by immigration officials about

20  his/her enrollment at Likie, defendant SHIM deactivated Foreign

21  Student Number 15 in SEVIS.

22       Overt Act No. 47: On or about May 16, 2013, defendant SHIM spoke

23  with Foreign Student Number 1, an individual living in Texas, about a

24  friend of Foreign Student Number 1 who wanted to enroll in the

25  Prodee/Neo Network, and defendant SHIM advised that as long as the

26  friend paid "tuition" and obtained a California driver's license, the

27  friend could stay out-of-state and not attend classes.

28

1    Overt Act No. 48: On or about May 29, 2013, defendant SHIM
2  caused information to be entered into SEVIS indicating that Foreign
3  Student Number 11, an individual living in Arizona, was a registered
4  and active student at WJMD.

5    Overt Act No. 49: On or about July 31, 2013, defendant MOON
6  accepted a $1,800 "tuition" payment for Foreign Student Number 14 to
7  be enrolled at Likie at a time when Foreign Student Number 14 lived
8  in Texas.

9    Overt Act No. 50: On or about July 31, 2013, defendant MOON
10 provided a Form I-20, signed by defendant SHIM, from Likie to Foreign
11 Student Number 14, an individual living in Texas.

12   Overt Act No. 51: On or about July 31, 2013, defendant MOON
13 caused information to be entered into SEVIS indicating that Foreign
14 Student Number 14 was a registered and active student at Likie.

15   Overt Act No. 52: On or about August 1, 2013, defendants MOON
16 and CHOI, and other unindicted co-conspirators, met at Prodee/Neo and
17 discussed an upcoming accreditation review that would affect WJMD's
18 authorization to admit foreign students, as well as defendants SHIM's
19 and MOON's plan to deceive the accreditors by having students from
20 Prodee/Neo pose as WJMD students during the accreditation review.

21   Overt Act No. 53: On or about August 19, 2013, defendant SHIM
22 caused information to be entered into SEVIS indicating that Foreign
23 Student Number 7, an individual living in Arizona, was a registered
24 and active student at ACFS.

25   Overt Act No. 54: On or about August 22, 2013, defendant MOON
26 and other unindicted co-conspirators met at WJMD and discussed an
27 upcoming accreditation review that would affect WJMD's authorization
28 to admit foreign students, as well as defendants SHIM's and MOON's

1  plan to deceive the accreditors by having students from Prodee/Neo

2  pose as WJMD students during the accreditation review.

3      Overt Act No. 55: On or about August 26, 2013, defendant SHIM

4  entered information into SEVIS indicating that Foreign Student Number

5  8, an individual living in Arizona, was a registered and active

6  student at Prodee/Neo.

7      Overt Act No. 56: On or about August 26, 2013, defendant SHIM

8  issued a Form I-20 from Prodee/Neo to Foreign Student Number 8, an

9  individual living in Arizona.

10      Overt Act No. 57: On or about August 27, 2013, defendant SHIM

11  spoke with Foreign Student Number 2, an individual living in San

12  Francisco, and advised that to successfully obtain a green card,

13  Foreign Student Number 2 should list a Los Angeles address as his/her

14  home address to accompany the Form I-20, submit the green card

15  application from Los Angeles, and never say that he did not attend

16  classes.

17      Overt Act No. 58: On or about October 1, 2013, defendant SHIM

18  spoke with Foreign Student Number 7 and advised Foreign Student

19  Number 7 that he/she could remain in Arizona even though he/she was

20  enrolled in the Prodee/Neo Network as a student.

21      Overt Act No. 59: On or about December 4, 2013, defendant CHOI

22  told Foreign Student Number 16, an individual living in Nevada, that

23  Foreign Student Number 16 should lie to immigration officials about

24  the fact that Foreign Student Number 16 did not attend classes at

25  Prodee/Neo and lived in Nevada during the entire time Foreign Student

26  Number 16 was enrolled at Prodee/Neo as a student.

27      Overt Act No. 60: On or about January 16, 2014, defendant CHOI

28  caused an e-mail to be sent to Foreign Student Number 16, an

1  individual living in Nevada, which attached a fraudulent Prodee/Neo
2  transcript signed by defendant SHIM indicating that Foreign Student
3  Number 16 attended Prodee/Neo from February 2013 to July 2013.

4      <u>Overt Act No. 61:</u> On or about January 17, 2014, defendant CHOI
5  caused to be mailed to Foreign Student Number 16, an individual
6  living in Nevada, a fraudulent Prodee/Neo transcript signed by
7  defendant SHIM indicating that Foreign Student Number 16 attended
8  Prodee/Neo from February 2013 to July 2013.

9      <u>Overt Act No. 62:</u> On or about January 30, 2014, defendant MOON
10 accepted a $1,800 "tuition" payment for Foreign Student Number 14 to
11 attend Likie, during a time when Foreign Student Number 14 lived in
12 Texas, which defendant MOON stated was okay.

13     <u>Overt Act No. 63:</u> On or about July 28, 2014, defendant MOON
14 accepted a $1,800 "tuition" payment for Foreign Student Number 14 to
15 attend Likie, during a time when Foreign Student Number 14 lived in
16 Texas.

17     <u>Overt Act No. 64:</u> On or about August 28, 2014, defendant CHOI
18 accepted a $1,800 "tuition" payment for Foreign Student Number 8 to
19 attend Prodee/Neo, during a time when Foreign Student Number 8 lived
20 in Arizona, which defendant CHOI acknowledged was difficult to manage
21 because Foreign Student Number 8 would not be able to report to
22 Prodee/Neo if asked to do so.

23
24
25
26
27
28

COUNTS TWO THROUGH FOURTEEN

[18 U.S.C. §§ 1546(a), 2(b)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    On or about the dates listed below, in Los Angeles County, within the Central District of California, and elsewhere, defendant HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim," knowingly forged, altered, falsely made, used, possessed, obtained, accepted, and received, and willfully caused to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Form I-20, for the foreign student described below to attend the school listed below, knowing the document to be forged, altered, and falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

| COUNT | DATE | STUDENT | SCHOOL |
|-------|------|---------|--------|
| TWO | 8/20/2010 | Foreign Student Number 17 | Prodee/Neo |
| THREE | 12/27/2010 | Foreign Student Number 18 | Prodee/Neo |
| FOUR | 8/8/2011 | Foreign Student Number 7 | Prodee/Neo |
| FIVE | 11/16/2011 | Foreign Student Number 4 | Prodee/Neo |
| SIX | 11/16/2011 | Foreign Student Number 5 | Prodee/Neo |
| SEVEN | 12/15/2011 | Foreign Student Number 18 | Prodee/Neo |
| EIGHT | 5/7/2012 | Foreign Student Number 11 | Prodee/Neo |
| NINE | 6/28/2012 | Foreign Student Number 2 | Likie |

| | | | |
|---|---|---|---|
| TEN | 7/11/2012 | Foreign Student Number 7 | Prodee/Neo |
| ELEVEN | 8/2/2012 | Foreign Student Number 14 | Prodee/Neo |
| TWELVE | 9/20/2012 | Foreign Student Number 1 | Likie |
| THIRTEEN | 1/9/2013 | Foreign Student Number 18 | Likie |
| FOURTEEN | 8/26/2013 | Foreign Student Number 8 | Prodee/Neo |

COUNT FIFTEEN

[18 U.S.C. §§ 1546(a), 2(b)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    On or about January 18, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant EUN YOUNG CHOI, also known as "Jamie Choi," knowingly forged, altered, falsely made, used, possessed, obtained, accepted, and received, and willfully caused to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Form I-20 for a foreign student, namely, Foreign Student Number 16, to attend Prodee/Neo, knowing the document to be forged, altered, and falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

COUNT SIXTEEN

[18 U.S.C. §§ 1546(a), 2(b)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    On or about July 31, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant HYUNG CHAN MOON, also known as "Steve Moon," knowingly forged, altered, falsely made, used, possessed, obtained, accepted, and received, and willfully caused to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Form I-20 for a foreign student, namely, Foreign Student Number 14, to attend Likie, knowing the document to be forged, altered, and  falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

COUNT SEVENTEEN

[8 U.S.C. §§ 1324(a)(1)(A)(iv), (B)(i)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    Beginning on or about August 8, 2011, and continuing until at least on or about October 1, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim," for the purpose of commercial advantage and private financial gain, knowingly encouraged and induced an alien, namely, Foreign Student Number 7, to reside in the United States, knowing and in reckless disregard of the fact that such residence was in violation of law.

COUNT EIGHTEEN

[8 U.S.C. §§ 1324(a)(1)(A)(iv), (B)(i)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    Beginning on or about September 20, 2012, and continuing until on or about November 12, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim," for the purpose of commercial advantage and private financial gain, knowingly encouraged and induced an alien, namely, Foreign Student Number 1, to reside in the United States, knowing and in reckless disregard of the fact that such residence was in violation of law.

COUNT NINETEEN

[8 U.S.C. §§ 1324(a)(1)(A)(iv), (B)(i)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    Beginning on or about August 27, 2013, and continuing until on or about May 13, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim," for the purpose of commercial advantage and private financial gain, knowingly encouraged and induced an alien, namely, Foreign Student Number 2, to reside in the United States, knowing and in reckless disregard of the fact that such residence was in violation of law.

COUNTS TWENTY THROUGH TWENTY-ONE

[18 U.S.C. § 1956(a)(1)(A)(i)]

1.    The Grand Jury hereby realleges and incorporates by reference paragraphs one through nine of the Introductory Allegations of this Indictment, as though fully set forth herein.

2.    On or about the following dates, in Los Angeles County, within the Central District of California, defendant HEE SUN SHIM, also known as ("aka") "Leonard Shim," aka "Leo Shim," knowing that the property involved in each of the financial transactions described below represented the proceeds of some form of unlawful activity, knowingly conducted and attempted to conduct the following financial transactions, affecting interstate and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, that is, immigration fraud, in violation of Title 18, United States Code, Section 1546(a), with the intent to promote the carrying on of such specified unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| TWENTY | 1/12/2012 | Issuance of a check in the amount of $3,600 from a Prodee/Neo bank account at Uniti Bank, in Los Angeles, California, made payable to "2975 Wilshire Center, LLC," as payment of rent for Prodee/Neo office space at 2975 Wilshire Boulevard, Los Angeles, California 90010. |
| TWENTY-ONE | 5/9/2012 | Issuance of a check in the amount of $3,600 from a Prodee/Neo bank account at Uniti Bank, in Los Angeles, California, made payable to "2975 Wilshire Center, LLC," as payment of rent for Prodee/Neo office space at 2975 Wilshire Boulevard, Los Angeles, California 90010. |

FORFEITURE ALLEGATION

[18 U.S.C. §§ 982(a)(1), (a)(6)(A)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendants that the United States of America will seek forfeiture as part of any sentence, in accordance with Title 18, United States Code, Sections 982(a)(1) and (a)(6)(A), in the event of any defendant's conviction on any of Counts One through Twenty-One of this Indictment.

2.    Defendants shall forfeit to the United States of America the following property:

a.    all right, title, and interest in any and all property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of any offense set forth in any of Counts One through Twenty-One of this Indictment;

b.    any property, real or personal, involved in any offense set forth in Counts Twenty through Twenty-One of this Indictment, and any property traceable thereto; and

c.    a sum of money equal to the total value of the property described in subparagraphs 2(a) and (b).  The property subject to forfeiture includes, but is not limited to, a monetary judgment representing the gross proceeds of money equal to the total amount of money that was involved in the violations contained in Counts One through Twenty-One.  If more than one defendant is found guilty on any of Counts One through Twenty-One, each defendant found guilty shall be jointly and severally liable for the entire amount forfeited pursuant to that Count.

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each

1  defendant shall forfeit substitute property, up to the total value of

2  the property described in the preceding paragraph if, as the result

3  of any act or omission of a defendant, the property described in the

4  preceding paragraph, or any portion thereof: (a) cannot be located

5  upon the exercise of due diligence; (b) has been transferred, sold

6  to, or deposited with a third party; (c) has been placed beyond the

7  jurisdiction of the court; (d) has been substantially diminished in

8  value; or (e) has been commingled with other property that cannot be

9  divided without difficulty.

10

11                                     A TRUE BILL

12                                     /s/

13                                     _____
                                       Foreperson

14

STEPHANIE YONEKURA
15 Acting United States Attorney

16

17 ROBERT E. DUGDALE
   Assistant United States Attorney
18 Chief, Criminal Division

19 ELIZABETH R. YANG
   Assistant United States Attorney
20 Chief, Violent & Organized Crime
   Section
21

22 JUSTIN R. RHOADES
   Assistant United States Attorney
   Deputy Chief, Violent & Organized
23 Crime Section

24 WILSON PARK
   Assistant United States Attorney
25 Violent & Organized Crime Section

26 LINDSEY GREER DOTSON
   Assistant United States Attorney
27 General Crimes Section

28